Randy Rumph, Esq.
1401 19th St. # 117
Bakersfield, CA 93301
CA Bar # 232,235
661-322-4600 (phone)
 Attorney for Plaintiff
 John Ward

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN A. WARD, an individual,<br><br>    Plaintiff<br><br>    vs.<br><br>CITY OF McFARLAND; CALIFORNIA; RAFAEL MELENDEZ, an individual<br><br>    Defendants | **CIVIL CASE NO.**<br><br>**COMPLAINT WITH JURY DEMAND** |

**JURISDICTION**

1.  This claim is brought pursuant to Title VII of the 1964 Civil Rights Act and jurisdiction is granted this court by that statute, to wit, 42 U.S.C. 2000e-5. Moreover, jurisdiction is likewise granted under 28 U.S.C. 1343 as a claim under 42 U.S.C. 1983 is likewise set forth in this complaint.

**VENUE**

2.  Venue is appropriate in this court as all actions comprising the claims for relief occurred within this district.

3.  Defendant City of McFarland, at all times material hereto, was the employer of Plaintiff from 1980 until 2005 and is an employer as defined in 42 U.S.C. 2000e.

4. Plaintiff, at all times material hereto was a resident of Kern County, California and was employed by defendant City of McFarland from 1980 until 2005, with his final position of employment as the chief plant operator of the sewer plant operated by the City of McFarland, which he had held since 1982.

5. Beginning in 1999 and continuing through the year 2005 (including written reports), Plaintiff engaged in conduct protected by the First Amendment of the United States Constitution, to wit, he advised agents of the state of California about legal issues relating to the operation of the sewer plant owned and operated by the City of McFarland (hereinafter the "California Protected Conduct"). The California Protected Conduct involved a matter of public concern, and included, but was to limited to illegalities which were occurring at the McFarland sewer plant.

6. In or about July 2000, August 2002, August 2003, January 2004, and July 2004, Plaintiff engaged in conduct protected by the First Amendment of the United States Constitution, to wit, he complained to and testified before a California grand jury relating to financial and fiscal issues as well as illegalities with the sewer plant relating to the City of McFarland (hereinafter the "Grand Jury Protected Conduct"). The Grand Jury Protected Conduct involved a matter of public concern, and included, but was not limited to testimony relating to financial irresponsibility and improprieties within the City of McFarland as well as illegalities at the sewer plant.

**FIRST CLAIM FOR RELIEF**
**(Title VII Discrimination In Failure To Hire/Promote Against City of McFarland)**

7. While employed by the City of McFarland, in or about 2003, Plaintiff indicated to appropriate agents of the City of McFarland a desire to fill the vacant position of public works director with the City of McFarland. Plaintiff was denied this position and another individual was hired for the position of public works director (hereinafter the "Hiring/Promotion Denial").

8. The individual hired to served as public works director for the City of McFarland in 2003 was an individual of the Hispanic race.

9. Plaintiff's race, Caucasian, was a motivating factor in the Hiring/Promotion Denial.

10. Defendant Melendez was involved in the decision not to give the position of public

1   works director to Plaintiff in 2003.

2       11.    The Hiring/Promotion Denial was a violation of Title VII of the 1964 Civil Rights
3   Act, including 42 U.S.C. 2000e-2.

4       12.    Plaintiff has suffered damages (for which defendant City of McFarland is liable) as
5   a proximate cause of the Hiring/Promotion Denial in the form of lost income, lost benefits,
6   emotional distress, and mental anguish.

7       13.    Plaintiff has been forced to incur the cost of an attorney to prosecute this action and
8   is therefore entitled to an award of attorney fees and costs.

9       14.    Plaintiff timely filed a claim with the EEOC prior to the filing of this lawsuit and has
10  received a right to sue notice from the EEOC allowing this lawsuit to be filed, and this lawsuit has
11  been filed within the appropriate time frame set forth in that right to sue notice.

**SECOND CLAIM FOR RELIEF**
**(42 U.S.C. 1983 Against Melendez For Elimination Of Position)**

15.    Plaintiff repeats and realleges all prior allegations.

16.    At all times material hereto, defendant Melendez was a person acting under color of state law under 42 U.S.C. 1983.

17.    In or about August, 2005, Plaintiff's position as the operator of the sewer plant was eliminated by the City of McFarland.

18.    Defendant Melendez was a driving force behind the elimination of plaintiff's position.

19.    The Grand Jury Protected Conduct was a determinative factor in the decision of Melendez to eliminate Plaintiff's position.

20.    The California Protected Conduct was a determinative factor in the decision of Melendez to eliminate Plaintiff's position.

21.    Because the Grand Jury Protected Conduct and/or the California Protected Conduct were determinative factors for Melendez when he voted for and spearheaded the elimination of Plaintiff's position with the City of McFarland, Defendant Melendez violated Plaintiff's rights under the First Amendment of the United States Constitution, and 42 U.S.C. 1983 grants Plaintiff a remedy

for this deprivation of Plaintiff's rights (hereinafter the "1983 Violation").

22. The 1983 Violation caused damages to Plaintiff (for which defendant Melendez is liable), including loss of income, loss of employment benefits, emotional distress and mental anguish.

23. The 1983 Violation occurred on the part of Melendez with an unlawful intent to discriminate against Plaintiff because he engaged in conduct protected by the First Amendment to the U.S. Constitution and was done with a reckless disregard for Plaintiff's protected rights and therefore punitive damages should be imposed against Melendez.

24. Plaintiff has been forced to retain the services of an attorney and is therefore entitled to an award of attorney fees and costs.

WHEREFORE, Plaintiff prays for relief as follows:

1. For economic damages in an amount to be determined at trial.
2. For emotional distress and mental anguish in an amount to be determined at trial.
3. For punitive damages against Melendez in an amount to be determined at trial.
4. For an award of attorney fees and costs.
5. For such other and further relief as this court deems just and proper.

Dated this __ day of December, 2005

**JURY TRIAL IS DEMANDED ON ALL ISSUES SO TRIABLE**


RANDY RUMPH


/s/ Randy Rumph
1401 19th Street #117
Bakersfield, CA 93301
661-322-4600
Attorney for Plaintiff
 John Ward